IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS A. CARDENAS,

        Plaintiff,

vs.                                                                No.  00cv0634 JP/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Cardenas') Motion to Reverse or Remand Administrative Decision, filed March 23, 2001.  The Commissioner of Social Security issued a final decision denying Cardenas' application for supplemental security income.  The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is not well taken and recommends that it be DENIED.

Cardenas, now forty-six years old, filed his application for supplemental security income on February 17, 1998, alleging disability since July 1, 1993, due to back pain and pain from his prosthetic device.  On January 28, 1999, the Commissioner's Administrative Law Judge (ALJ) denied benefits, finding Cardenas had a "severe combination of impairments relative to traumatic amputation of the mid lower left leg and mild L5-S1 facet arthritis."  Tr. 12.  However, the ALJ found Cardenas did not have any disorder or combination of disorders meeting or equaling in severity any of the disorders described in the Listing of Impairments, Subpart P, Appendix 1.  *Id.*

The ALJ specifically reviewed sections 1.10 and 1.05.  Listing 1.10 addresses amputation of one lower extremity.  Tr. 13.  The ALJ found Cardenas did not meet Listing 1.10 because Cardenas' amputation did not result in his inability to use a prosthesis effectively and he was not required to use "obligatory assistive devices."  *Id.*  According to the ALJ, Cardenas did not meet listing 1.05A because there was no evidence of ankylosis or fixation of the dorsolumbar spine at 30 degrees or more of flexion, with x-ray evidence of calcification of the anterior and lateral ligaments or bilateral ankylosis of the sacroiliac joints with abnormal apophysial articulations.  *Id.*  Cardenas did not meet Listing 1.05B because there was no evidence of generalized osteoporosis of the lumbar spine.  *Id.*  Finally, Cardenas did not meet listing 1.05C because Cardenas' mild degenerative changes of the lumbar spine did not establish the severity of the findings necessary to meet Listing 1.05C (motor loss with muscle weakness and sensory and reflex loss).  *Id.*   The ALJ further found Cardenas' subjective complaints were not credible to the extent alleged and concluded Cardenas could "perform his past relevant work as a filler sorter as he performed this job."  Tr. 18.  Cardenas filed a Request for Review of the decision by the Appeals Council.  On March 10, 2000, the Appeals Council denied Cardenas' request for review of the ALJ's decision.  Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.  Cardendas seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards.  *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand, Cardenas makes the following arguments: (1) the ALJ based his residual functional capacity (RFC) finding on insufficient evidence, rendering the ALJ's findings at steps four and five of the sequential evaluation process contrary to the evidence and the law; (2) the ALJ failed to clarify Cardenas' RFC in the hypothetical question

propounded to the vocational expert (VE); and (3) the ALJ's credibility finding is contrary to the evidence and the law.

Cardenas contends the ALJ's RFC finding is incomplete and based upon insufficient evidence. In support of his contention, Cardenas argues (1) the ALJ does not clearly state in his Decision what RFC level he is using, limited light or sedentary; and (2) it is difficult to separate the ALJ's RFC finding from the ALJ's credibility determination. Cardenas also contends the ALJ's finding that his complaints of pain were not credible is contrary to the evidence and the law. Specifically, Cardenas claims the ALJ's reliance on Cardenas' manner while testifying at the hearing, the ALJ's statement that Cardenas had an "interest, bias, or prejudice" in the case, and the ALJ's finding that the pain was out of proportion to the clinical findings are all suspect grounds for finding him not credible.

Credibility determinations are peculiarly the province of the finder of fact and will not be upset when supported by substantial evidence. *Diaz v. Secretary of Health and Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988).

In this case, the ALJ found Cardenas was "not a fully credible witness, and the statements regarding the functional effects of his condition [were] not fully accurate." Tr. 16. The ALJ explained why he concluded Cardenas' subjective complaints were not credible and cited to specific evidence in the record. The ALJ found Cardenas' alleged limitations, particularly his claim that he could only stand for ten minutes, were inconsistent with the normal requirements for

4

the seasonal work Cardenas testified he had performed after his alleged disability date.[1]  Tr. 16, 50.  The ALJ also considered Cardenas' testimony that he could perform seasonal work when it was available and relied on unemployment benefits between jobs.  Tr. 125, 130.  Additionally, the ALJ found Cardenas had not sought medical treatment since1996 and had not required prescription pain medication.  Tr. 16.  Accordingly, the Court finds that substantial evidence supports the ALJ's credibility determination.

At step four of the five-step sequential evaluation process, the ALJ found Cardenas could still perform his past relevant work as a filler sorter, as he performed his job, and was thus not disabled.  Tr. 12, 18.  At the administrative hearing, the ALJ asked Cardenas if he could perform the seasonal work he had been doing in the past if that type of work was available to him.  Tr. 130.  Cardenas responded, "I could do it tomorrow."  Tr. 131.  When the VE testified, the ALJ questioned her regarding Cardenas' seasonal work.  The ALJ asked the VE if Cardenas' seasonal work would be classified as past relevant work under the Social Security regulations.  Tr. 140.  The VE responded that it did and explained it would be classified as past relevant work because the work was available for more than a seasonal period of time.  Tr. 140, 141.

Social Security Ruling 82-61 states in pertinent part:

A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work.  This reflects the intent of Congress that there be a clear distinction between disability benefits and unemployment benefits.  Congress has also expressed the intent that disability determinations be carried out in as realistic a manner as possible.

---

[1] At the administrative hearing, Cardenas testified he worked seasonal jobs after his alleged disability date.  Tr. 124, 125.  Cardenas worked from June 6, 1997 to September 10, 1997, as a filler (filling onion sacks) and from September 21, 1997 to January 10, 1998 as a millman.  Tr. 50.  Cardenas worked as a filler five to six days per week and seven to eight hours a day.  *Id.*  Cardenas worked as a millman five days a week, eight hours a day.  *Id.*

>Three tests for determining whether or not a claimant retains the capacity to perform his or her past relevant work are as follows:
>
>1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g, "delivery job," "packaging job," etc.
>
>Finding that a claimant has the capacity to do past relevant work on the basis of a generic occupational classification of the work is likely to be fallacious and unsupportable. While "delivery jobs," or "packaging jobs," etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge.
>
>2. **Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.**
>
>**Under this test, where the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found to be "not disabled."**
>
>3. Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy. (The Dictionary of Occupational Titles (DOT) descriptions can be relied upon– for jobs that are listed in the DOT– to define the job as it is usually performed in the national economy.) It is understood that some individual jobs may require somewhat more or less exertion than the DOT description.

SSR 82-61, 1982 WL 31387 at *1-*2. Therefore, a claimant will be found to be "not disabled" when it is determined that he or she retains the RFC to perform (1) the actual functional demands and job duties of a particular past relevant job or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *See also, Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993)(at step four, the claimant bears the burden of proving he cannot return to his past relevant work, either as he performed it or as it is performed in the national economy).

6

Cardenas contends the ALJ did not perform the in-depth analysis required when making a finding at step four of the sequential evaluation process. A step four analysis is comprised of three phases. In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity, and in the second phase, he must determine the physical and mental demands of the claimant's past work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).

Pursuant to Social Security Ruling 82-62, the ALJ found Cardenas could perform his past relevant work. SSR 82-62 ,1982 WL 31386 (A Disability Claimant's Capacity to do Past Relevant Work, In General). Under Social Security Ruling 82-62, "[t]he claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." *Id.* at *3. In this case, the ALJ specifically found Cardenas' alleged limitation that he could stand for only ten minutes was inconsistent with the normal requirements for the seasonal work he had performed in the past. Tr. 16. Even accepting Cardenas' allegation that he could not stand for more than ten minutes, the ALJ found Cardenas could perform his past relevant work based on Cardenas' own testimony. Cardenas testified he could perform the work he had done in the past if it were available to him. Tr. 130. When asked if he was "going to be able to go back to work at these jobs when they open up," Cardenas replied "I could work today." Tr. 149. Based on the record as a whole, the ALJ's finding at step four of the sequential evaluation process that Cardenas could perform his past relevant work and was thus not disabled is supported by substantial evidence.

7

A step four denial does not require a showing that the former job is available. *Andrade,* 985 F.2d at 1051 (requiring consideration of work existing in the national economy for a step five determination). It also does not involve a calculation of the number of such jobs existing in the national economy. *See* 20 C.F.R. § 404.1561. Nonetheless, the ALJ proceeded to do a step five analysis. At step five, the ALJ found Cardenas could "make a satisfactory adjustment to a significant number of jobs in the regional and national economy." Tr. 19. The ALJ relied on the VE to reach this conclusion. The VE opined Cardenas could perform the job of stone setter and semi-conductor bench assembly type jobs. Tr. 151, 152. Cardenas' argument that the VE erred in classifying the small parts assembler as sedentary is without merit. The record indicates the VE properly classified it as light. Tr. 152. Finally, Cardenas contends the VE failed to show that 490 stone setter jobs in New Mexico was a "significant number" of jobs. Cardenas claims the ALJ should have evaluated whether Cardenas was capable of traveling to the location of employment. However, whether work exists in the immediate area in which a claimant lives does not matter when determining whether work exists in significant numbers. *See* 20 C.F.R. § 416.966(a)(1).

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and his decision is supported by substantial

evidence. Cardenas' Motion to Reverse or Remand Administrative decision, filed March 23, 2001, should be denied and this case should be dismissed. .

 

 

JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.